In the

# United States Court of Appeals
## For the Seventh Circuit

No. 23-3345

GRAHAM L. STOWE,

*Petitioner-Appellant*,

*v.*

GREGORY VAN RYBROEK, Director, Mendota Mental Health Institute,

*Respondent-Appellee*.

Appeal from the United States District Court
for the Western District of Wisconsin.
No. 18-cv-400-wmc — **William M. Conley**, *Judge*.

ARGUED AUGUST 6, 2024 — DECIDED AUGUST 21, 2024

Before EASTERBROOK, ST. EVE, and KOLAR, *Circuit Judges*.

EASTERBROOK, *Circuit Judge*. Charged in 2004 with violent offenses against his former girlfriend and her family, Graham Stowe pleaded no contest but contended that he had been insane when he committed the crimes. A state judge agreed with Stowe but ordered him committed for 39.5 years (the appropriate sentence in the absence of an insanity finding) unless recovery entitled him to earlier release.

He was released in 2007 but soon returned to custody after violating the conditions of release. (He tried to locate his former girlfriend at her workplace; he also used alcohol and perhaps other drugs.) He escaped in 2013 and was not caught for three months; while free he used marijuana and perhaps other drugs. He was charged with escape and convicted; he did not present an insanity defense.

In 2016, once his sentence for the escape had ended, Stowe asked for release under the terms of Wis. Stat. §971.17(4)(d):

> The court shall grant the petition [for release] unless it finds by clear and convincing evidence that the person would pose a significant risk of bodily harm to himself or herself or to others or of serious property damage if conditionally released. In making this determination, the court may consider, without limitation because of enumeration, the nature and circumstances of the crime, the person's mental history and present mental condition, where the person will live, how the person will support himself or herself, what arrangements are available to ensure that the person has access to and will take necessary medication, and what arrangements are possible for treatment beyond medication.

A psychologist and a psychiatrist testified at a hearing that Stowe met the diagnostic criteria for "Other Specific Personality Disorder with Narcissistic and Antisocial Features". Another psychologist, who applied a different label to Stowe's mental state, concluded that he presents an enhanced risk of violence against other persons, especially when using drugs. The state's circuit court denied his petition for release, relying on the elevated risk of violence, and the court of appeals affirmed. *State v. Stowe*, 2018 WI App 8. (This decision also supplies some details about Stowe's crimes, which are not relevant for current purposes.)

Stowe then sought collateral review in federal court under 28 U.S.C. §2254. He argued that Wis. Stat. §971.17(4)(d) violates the Due Process Clause of the Fourteenth Amendment, as understood in *Foucha v. Louisiana*, 504 U.S. 71 (1992), because it allows the state to keep in custody someone who is a danger to self or others without finding that this person also has a mental disease or defect. Stowe observes that the circuit court found that he remains dangerous but did not decide whether the psychologists were right in concluding that he still has a mental disorder. The district judge understood this as a contention that §971.17(4)(d) had been applied to him unconstitutionally but concluded that Stowe had not preserved an as-applied argument in the state courts. 2023 U.S. Dist. LEXIS 199971 (W.D. Wis. Nov. 6, 2023), at *17.

The only contention preserved through all levels of the state judiciary, the district judge found, is that §971.17(4)(d) is invalid on its face—that is, invalid with respect to all persons within its scope, no matter what the evidence shows and no matter what findings the state judge makes. The federal judge thought that contention untenable, because §971.17(4)(d) permits the court to consider "the person's mental history and present mental condition". This means that state judges frequently will consider, and act on, evidence about a detainee's mental condition and not just the detainee's dangerousness.

The district judge issued a certificate of appealability limited to the question whether §971.17(4)(d) is invalid on its face. Stowe did not ask us to expand the certificate to include an as-applied challenge. Our review is confined accordingly.

Wisconsin's judiciary held that §971.17(4)(d) is constitutional, so under 28 U.S.C. §2254(d)(1) Stowe needs to show that this decision "was contrary to, or involved an

unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States". Stowe locates the "clearly established" law in *Foucha*. That argument encounters an insuperable hurdle: Justice O'Connor, who supplied the controlling vote in a five-to-four decision, filed a separate opinion limiting the scope of the holding. 504 U.S. at 86–90. She stressed features of Louisiana's system that §971.17 does not share. A decision that turns on elements specific to one state's system does not "clearly establish" the invalidity of another state's system. Three years after *Foucha*, the Supreme Court of Wisconsin unanimously held a statute functionally the same as §971.17 to be valid, relying on some of these distinctions. *State v. Randall*, 192 Wis. 2d 800 (1995). Like the district court, we do not see a stark incompatibility between *Randall* and Justice O'Connor's views.

Section 2254(d)(1) is not Stowe's only obstacle. To get anywhere with a facial challenge (even in litigation under the First Amendment, which this is not) a litigant must show that "a substantial number of [the law's] applications are unconstitutional, judged in relation to the statute's plainly legitimate sweep." *Americans for Prosperity Foundation v. Bonta*, 594 U.S. 595, 615 (2021). See also *Moody v. NetChoice, LLC*, 144 S. Ct. 2383 (2024). *Randall* read Justice O'Connor's opinion to permit the detention of dangerous insanity acquittees who have regained their mental health, if the state offers treatment to improve their chances of release. Justice O'Connor wrote: "I do not understand the Court to hold that Louisiana may never confine dangerous insanity acquittees after they regain mental health." 504 U.S. at 87. She added that a "medical justification" for detention is important and that detention could be justified if "tailored to reflect pressing public safety concerns related to the acquittee's continuing dangerousness." *Id*.

at 87–88. *Randall* held that the benefits of mental-health treatment, coupled with a detainee's dangerousness and the other criteria listed in the state's statute, could supply any necessary justification. It added that Wisconsin does not authorize "indefinite" detention, as Louisiana did, but limits detention to the time justified by the appropriate sentence for the criminal conduct (here 39.5 years). 192 Wis. 2d at 808. *Randall* also thought it significant that in Wisconsin the burden to justify detention rests on the state, while in Louisiana the burden of showing entitlement to release was on the detainee. *Ibid*.

Even if we suppose that *Randall*'s reading of Justice O'Connor's views is problematic (though any error is not "clearly established"), the fact remains that §971.17(4)(d) permits courts to consider evidence of a detainee's "present mental condition". For many people that evidence will entail proof of ongoing mental disease. Because state courts implementing §971.17(4)(d) often will make all findings required to support detention on anyone's understanding of the Due Process Clause, a federal court cannot be confident that "a substantial number of [the law's] applications are unconstitutional, judged in relation to the statute's plainly legitimate sweep." And it assuredly cannot be confident that "no set of circumstances exists under which the [law] would be valid" (*United States v. Salerno*, 481 U.S. 739, 745 (1987)), the standard for facial challenges that do not rest on the First Amendment.

Stowe's observation that the state's circuit court did not make findings, one way or the other, about whether *he* continues to suffer from a mental disease, is an as-applied challenge, which has not been preserved for resolution in federal court. The circuit court found that Stowe remains at an elevated risk of committing violent crimes—and the only evidence offered

to support that finding was the psychologists' conclusion that Stowe has an ongoing mental disorder. If Stowe had pressed his as-applied contest in the circuit court (which he did not), the judge may well have made express the conclusion that is implicit in the finding that Stowe poses an ongoing risk of violence: that the cause of this risk is a mental problem. The Due Process Clause does not entitle Stowe to immediate release.

AFFIRMED